E-FILED
Tuesday, 24 August, 2010  11:31:41 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| JOAN A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3335 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| REVENUE and | ) | |
| BRIAN HAMER, Director, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

This matter comes before the Court on Defendants Illinois Department of Revenue (Department) and Brian Hamer's Motion to Dismiss (d/e 5) (Motion). For the reasons set forth below, the Motion is allowed, but Plaintiff is given leave to re-plead her claims against the Department.

For purposes of the Motion, the Court accepts as true all well-pleaded factual allegations in Plaintiff Joan Williams' pro se Complaint (d/e 1). <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996). The Court views the facts in the light most favorable to the non-

moving party, in this case, Plaintiff Williams.

Williams' Complaint alleges retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII).  42 U.S.C. § 2000e-5 et seq.  Williams alleges that she began working for the Department in October 1974.  She alleges she filed a charge of discrimination on January 19, 2007.  She alleges that:

> And from that time on I was bullyd [sic], lot of work put on me, people yelled at me, made statements that they were going to make my life a living hell.  Called me bumb [sic], stupid.  Held my work 2 yrs. and said I was behind.  Made me do all the complex work.  Policed me along with my co-worker.

Complaint, at 6.   Williams alleges that she filed another charge of discrimination for the alleged retaliation on September 7, 2007.  Complaint, attached Charge of Discrimination No. 440-2007-07437.   The Equal Employment Opportunity Commission issued Williams a right to sue letter on her retaliation charge on September 25, 2009.  Complaint, attached Dismissal and Notice of Rights.  Williams filed the Complaint on December 23, 2009.[1]

The Defendants move to dismiss on two grounds.  They argue that the Complaint fails to give sufficient notice.  They also argue that Williams

---

[1]The Defendants do not challenge the timeliness of the filing of this action.

cannot state a claim against Hamer personally for Title VII retaliation. The Court agrees with Defendants, but gives Williams leave to re-plead her claims against the Department.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. <u>Fed. R. Civ. P.</u> 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." <u>Fed. R. Civ. P.</u> 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. <u>George v. Smith</u>, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the

defendant is entitled under Rule 8." <u>Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC</u>, 499 F.3d 663, 667 (7th Cir. 2007).     Williams' Complaint fails to provide enough information to establish that she may plausibly have a claim for Title VII retaliation.  To state a claim for Title VII retaliation, Williams must allege that: (1) she opposed activity that she believed violated Title VII and (2) her employer, the Department, retaliated against her. 42 U.S.C. § 2000e-3(a); <u>Stephens v. Erickson</u>, 569 F.3d 779, 786 (7th Cir. 2009).  She alleges the first element; she filed a charge of discrimination to oppose activities that she believed constituted racial discrimination in violation of Title VII.  Williams, however, fails to allege the second element.

To allege retaliation, Williams must allege that the Department was responsible for the wrongful conduct and that the wrongful conduct was sufficiently material to constitute retaliation.  <u>Stephens</u>, 569 F.3d at 790; <u>Knox v. State of Ind.</u>, 93 F.3d 1327, 1334 (7th Cir. 1996).  Williams does not allege the identity of the persons who committed the wrongful acts, and she does not allege the basis on which the Department should be held responsible for the acts.  <u>See e.g.</u>, <u>Knox</u>, 93 F.3d at 1334 (employer may be responsible for retaliatory acts of co-workers under some conditions).

Williams also does not allege enough information to show that the wrongful acts were material. The wrongful acts must be sufficiently severe to dissuade a reasonable employee from making or supporting a charge of discrimination. Washington v. Illinois Dept. of Revenue, 420 F.3d 658, 662 (7th Cir. 2005).[2] If, as here, the retaliation occurs at work, "the court asks whether the employer's action is severe enough to be an 'adverse employment action.'" Id. at 661. Normally, an actionable adverse employment action affects compensation, benefits, or prospects for promotion. Id. A reassignment of job responsibilities is not material unless the action "represents a *significant* alteration to the employee's duties, which is often reflected by a corresponding change in work hours, compensation, or career prospects." Stephens, 569 F.3d at 791 (emphasis in the original).

Typically, yelling or name calling is not sufficient to constitute retaliation. Stephens, 569 F.3d at 790. To state a claim based on

---

[2]The Court recognizes that the Supreme Court addressed the issue of Title VII retaliation after the Seventh Circuit issued its opinion in Washington. Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). This Court follows the standard for materiality set forth in Washington because the Seventh Circuit has determined that the Supreme Court's Burlington Northern opinion adopted the standard that the Seventh Circuit applied in Washington. Stephens, 569 F.3d at 791 n.9 ("To the extent that the [Supreme] Court clarified the test for measuring the requisite *materiality* of an adverse retaliatory act, it adopted the test that we previously applied in *Washington*.")(emphasis in the original).

harassment, such as yelling and name calling, Williams must allege a level of harassment that is so severe and pervasive as to constitute a hostile work environment.  To reach this level, the harassment must be "severe enough to cause a significant change in the plaintiff's employment status."  Hobbs v. City of Chicago, 573 F.3d 454, 464 (7th Cir. 2009)(quoting Stutler v. Illinois Dept. of Corrections, 263 F.3d 698, 703 (7th Cir. 2001)).

The Court cannot determine from the Complaint whether the wrongful conduct was material.  Williams alleges that she had a lot of work put on her and that she was made to do the complex work.  She also alleges that her work was held up for two years and she was accused of being behind in her work due to this.  She does not allege, however, whether any of these acts affected her conditions of employment, such as compensation or prospects for promotion or advancement.  She also alleges that she has been subject to yelling, name calling and threats to make her life a living hell.  She does not allege any facts to indicate that these acts were so severe or pervasive as to constitute a hostile work environment.  Her allegations are not enough to state a claim.

The Defendants also move to dismiss the claims against Department Director Hamer personally.  The Court agrees.  Title VII imposes liability

on the employer for retaliation.  42 U.S.C. §§ 2000e(b), 2000e-5; <u>Williams v. Banning</u>, 72 F.3d 552, 554 (7th Cir. 1995).  The Department is the employer, not Hamer.  The claims against Hamer are dismissed with prejudice.

Williams asks for leave to re-plead if the Court finds that the Complaint fails to state a claim.  The Court will allow Williams to re-plead her claims against the Department.  Her Complaint alleges that she suffered from the Department's wrongful conduct in retaliation for filing a charge of discrimination, but she does not allege enough detail to show that the Department should be liable for the conduct or that the conduct was material.  The Court will allow Williams to address those omissions in an amended pleading.  The Court, however, will not give her leave to re-plead Title VII claims against Hamer.  He is not her employer, and so, is not liable to her under Title VII.

THEREFORE, The Defendants' Motion to Dismiss (d/e 5) is ALLOWED.  The Complaint (d/e 1) is dismissed.  The claims against Defendant Brian Hamer are dismissed with prejudice.  He is terminated as a party to this case.  The Plaintiff is given leave to re-plead her claims against the Defendant Illinois Department of Revenue.  The Plaintiff is

directed to file the amended complaint by September 20, 2010.   The

Department is directed to file its response by October 11, 2010.

ENTERED this _24____ day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE