E-FILED
Tuesday, 04 January, 2011 03:06:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOAN A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3335 |
| | ) | |
| ILLINOIS DEPARTMENT OF REVENUE, | ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter comes before the Court on Plaintiff Joan A. Williams' Leave to File First Amended Pro Se Complaint of Employment Discrimination and Second Amended Complaint of Retaliation (d/e 19) (Motion for Leave). The Court also entertains a related matter, Defendant Illinois Department of Revenue's (IDR) Motion to Dismiss Plaintiff's Amended Complaint (Motion to Dismiss) (d/e 14). For the reasons stated below, the Motion for Leave is ALLOWED and the Motion to Dismiss is DENIED AS MOOT.

FACTS

Plaintiff filed her Complaint against Defendants Illinois Department

1

of Revenue and its Director, Brian A. Hamer, on December 23, 2009.  See d/e 1.  Defendant Hamer moved to dismiss on April 13, 2010, and the Court dismissed Plaintiff's claims against Mr. Hamer on August 24, 2010.  See d/e 5 (Defendant's Motion) and d/e 11 (Court's Opinion), respectively.  That same day, the Court gave Plaintiff leave to re-plead claims against IDR.  See Court's Opinion.

On October 6, 2010, Plaintiff filed a document she entitled "Amendment" (First Amended Complaint) (d/e 13).  The First Amended Complaint was drafted on forms which the Clerk's Office provides to pro se plaintiffs who assert claims under 42 U.S.C. § 2000e, et seq. (Title VII) See First Amended Complaint at pp. 1-8.  The First Amended Complaint contained Plaintiff's handwritten allegations of discrimination and retaliation.  Id.  It also included a copy of the "Dismissal and Notice of Rights" which the Equal Opportunity Employment Commission (EEOC) sent Plaintiff after the EEOC concluded it was unable to find that Plaintiff's Title VII rights were violated.  See First Amended Complaint at p. 9 (copy of "Dismissal and Notice of Rights" as to EEOC Charge # 440-2007-07437).

On November 1, 2010, IDR filed the Motion to Dismiss.  In the

Motion to Dismiss, IDR argues that Plaintiff's First Amended Complaint should be dismissed because it fails to give IDR fair notice of what retaliatory acts Plaintiff suffered. Id. Prior to any ruling on IDR's Motion to Dismiss, Plaintiff filed the instant Motion for Leave. On December 22, 2010, IDR filed Defendant's Response to Plaintiff's Motion for Leave to File First Amended Pro So Complaint of Employment Discrimination and Second Amended Complaint of Retaliation (Response) (d/e 20). The Court has considered all of these pleadings in connection with this Opinion.

STANDARD

A plaintiff is entitled to amend the complaint once, as a matter of right under Federal Rule of Civil Procedure 15(a). Moreover, pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [for a party to file an amended complaint] when justice so requires." Id. A district court may deny leave to file an amended complaint in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007), quoting

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, denying leave to file an amended complaint is generally disfavored. See Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008).

ANALYSIS

Plaintiff must be freely given leave to amend under Federal Rule of Civil Procedure 15(a)(2) unless there is a justifiable basis to deny relief. Id. IDR cites two cases in its Response to Plaintiff's Motion for Leave. Neither case supports denying Plaintiff leave to amend.

The first of IDR's cited cases is Crestview Village Apartments v. U.S. Dept. Of Housing and Urban Development, 383 F.3d 552 (7th Cir. 2004). Contrary to Defendant's view of Crestview, the case does not require plaintiffs to attach amended complaints as exhibits to a motion for leave to amend. See Response at p. 4. Rather, Crestview stated that a plaintiff who was denied leave to amend could not show abuse of discretion when the plaintiff omitted the proposed amended pleading from the record on appeal. See Crestview, 383 F.3d at 559.

The second case cited in IDR's Response is Pearson v. Gatto, 933 F.2d 521 (7th Cir. 1991). In Pearson, a district court held that a pro se prisoner missed a statute of limitations because the prisoner merely wrote

a letter seeking leave to amend instead of actually filing an amended pleading. See Pearson 933 F.2d at 527. The Seventh Circuit reversed and held that the prisoner's letter should have been construed as an amended complaint and, thus, the deadline was met. Id.

More recent case law such as James Cape & Sons Co. v. PCC Const. Co., 453 F.3d 396 (7th Cir. 2006) is also unavailing for efforts to bar Plaintiff's Motion for Leave. In James Cape & Sons, a district court properly denied leave to amend when a plaintiff delayed seeking leave to amend and the district court had no way of knowing what the proposed amended complaint entailed. Id. at 400-01. By contrast, Williams sought leave to amend within five weeks of the Defendant's Motion to Dismiss. Compare Plaintiff's Motion for Leave (filed December 8, 2010) and Defendant's Motion to Dismiss (filed November 1, 2010). In seeking leave, Plaintiff recites details of the discrimination and retaliation claims she intends to pursue if she is given leave to amend. See Motion for Leave at pp. 1-2. Thus, Plaintiff is entitled to leave under James Cape & Sons since the amendment is timely and its factual basis is apparent.

Moreover, while IDR expresses skepticism over the prospects of the amended pleadings' success, IDR has not argued that an amendment will

be futile. Accordingly, Plaintiff must be given the opportunity to re-plead her claims. See, i.e., Foster, 545 F.3d at 584 (even if the prospects of successfully amending the complaint are dubious, a party should be given an opportunity to cure); See also, Smart v. Local 702 Int'l Bhd. of Elec. Workers, 562 F.3d 798, 811 (7th Cir. 2009) (a court may deny leave to amend when the amended pleadings are futile). Plaintiff is, therefore, given leave to amend her First Amended Complaint. She must file an amended pleading by January 24, 2011. It should be entitled Second Amended Complaint. To ensure clarity, Plaintiff shall not incorporate by reference claims previously set forth in other pleadings. The Second Amended Complaint shall comprehensively set forth all of Plaintiff's allegations against IDR in one pleading. Since Plaintiff has had numerous chances to plead her claims and it is necessary to avoid future prejudice and delay, barring exceptional circumstances the Court will not allow Plaintiff an additional opportunity beyond this to cure deficiencies or assert claims. See Airborne Beepers, 499 F.3d at 666.

## CONCLUSION

THEREFORE, Plaintiff's Leave to File First Amended Pro Se Complaint of Employment Discrimination and Second Amended Complaint of Retaliation (d/e 19) is ALLOWED. Plaintiff must file her Second Amended Complaint by January 24, 2011. Since the filing of Plaintiff's Second Amended Complaint will make her Amended Complaint a nullity, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (d/e14) is DENIED AS MOOT.

ENTERED this 4th day of January, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE