E-FILED
Friday, 20 May, 2011 02:15:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOAN A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-3335 |
| | ) | |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

The Court now considers Defendant Illinois Department of Revenue's ("IDR") Motion to Dismiss Plaintiff's Second Amended Complaint (d/e 26) (the "Motion"). For the reasons stated below, the Motion is DENIED.

## RELEVANT FACTS

*Pro se* Plaintiff Joan A. Williams is an African-American employee of IDR. She serves as a Revenue Tax Specialist III and has been employed by IDR since 1974. According to Plaintiff, she was subjected to the term "nigger" since at least 2003. Plaintiff alleges that she complained to an EEO officer on June 27, 2006, but the slurs continued.

On January 19, 2007, Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC assigned number # 440-2007-02267 to Plaintiff's race discrimination charge and investigated Plaintiff's allegations.

After filing the EEOC charge, employees bullied Plaintiff and IDR assigned her excessive amounts of work. Plaintiff was required to do her work as a Revenue Tax Specialist III, in addition to serving as a division manager. Further, Plaintiff was not given any supplemental compensation despite being assigned the division manager responsibilities. Moreover, Plaintiff was unable to perform all of the work that was assigned to her. Consequently, her performance evaluations declined and her prospects for future promotions or advancements suffered.

Co-workers and supervisors yelled at Plaintiff and subjected her to derogatory comments. IDR employees told Plaintiff they were going to make her life a living hell. Plaintiff's direct supervisor humiliated Plaintiff by moving her out of her private office and into "the open". Plaintiff was thereafter "policed" by employees Rebecca Brown, Dave Stewart, Terri

Looker, Mike Clemons, Virginia Bartletti, and Dianne Watson. Additionally, employee Virginia Bartletti asked Plaintiff to stand up against a white wall so she could take a picture to see how her camera takes black and white pictures. Furthermore, Becky Brown wrote a memo to employees which stated that Plaintiff caused employees to lose their rights. On or about June 2007, Becky Brown allegedly told Plaintiff, "Nigger, you don't know what you are doing."

After Plaintiff filed her EEOC charge, all of her work had to go through and be cleared by Cecil Denton, IDR's office division manager. Cecil Denton allegedly wrote memos preventing Plaintiff from speaking to the local government. He also held up Plaintiff's work for two years, refusing to approve it and move the work forward. Plaintiff was also told she was "dumb". She was humiliated and the relationships she developed with her clients suffered. Based on these allegations, Plaintiff filed a retaliation charge with the EEOC (charge # 440-2007-07437). The EEOC issued Plaintiff a Right to Sue letter with respect to the retaliation charge on September 25, 2009.

On December 23, 2009, Plaintiff filed a Complaint alleging that IDR was liable for damages under 42 U.S.C. § 2000(e), *et seq.* ("Title VII"). The Complaint was unclear whether Plaintiff was proceeding on a claim of employment discrimination, retaliation, or both. In any event, on August 24, 2010, the Court dismissed Plaintiff's complaint for failure to state a claim, but the Court granted her leave to re-plead. Plaintiff filed an Amended Complaint on October 6, 2010. On December 8, 2010, Plaintiff sought leave to amend her Amended Complaint. The Court allowed the motion for leave to amend and ordered her to "comprehensively set forth all" of her allegations against IDR in an amended pleading. See Opinion dated January 4, 2011, at 6.

Plaintiff filed her Second Amended Complaint on January 24, 2011. The Second Amended Complaint is largely the same as Plaintiff's Amended Complaint. Compare Second Amended Complaint (d/e 22) with Amended Complaint (d/e 13). Because Plaintiff's Second Amended Complaint included a loose chronology of retaliatory acts interspersed with with claims that similarly situated non-black employees were treated more favorably

4

than she, Plaintiff appeared to be asserting Title VII discrimination and retaliation claims.

IDR now moves the Court to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition brief. This matter is ripe for ruling.

## JURISDICTION & VENUE

The federal questions posed by Plaintiff's Title VII claim gives this Court subject matter jurisdiction. See 28 U.S.C. §1331 (giving U.S. District Courts subject matter jurisdiction when federal questions are presented). Personal jurisdiction and venue requirements are satisfied because the relevant acts occurred in this judicial district. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); see 28 U.S.C. §1391(b) (venue in non-diversity cases is proper in a judicial district where any defendant resides, if all defendants reside in the same State).

## STANDARD OF REVIEW

In ruling on a motion to dismiss, "the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." Evers v. Astrue, 536 F.3d 651, 656 (7th Cir. 2008). Factual allegations must satisfy Federal Rule of Civil Procedure 8(a)'s notice pleading requirements. The United States Supreme Court has reviewed Rule 8(a)'s pleading requirements and has held that "factual allegations must be enough to raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 S.Ct. 929 (2007); see also, Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

However, "[a]ny doubt that Twombly had repudiated the general notice pleading regime of Rule 8 was put to rest . . . [by] Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The Erickson decision reiterated that "specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Taken together, Twombly and Erickson mean that "at some point the factual detail in a complaint may be so sketchy that the

complaint does not provide the type of notice of the claim to which the defendant is entitled to under Rule 8." See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 449 F.3d 663, 667 (7th Cir. 2007); see also Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). Only then is a Rule 12(b)(6) dismissal appropriate. See Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008).

## ANALYSIS

IDR essentially makes three arguments for a Rule 12(b)(6) dismissal. First, IDR contends that dismissal is proper because Plaintiff's Second Amended Complaint does not specifically identify the persons who committed the allegedly improper acts and does not present acts which were harmful enough to warrant suit. Second, IDR contends that Plaintiff's Title VII claim is time-barred because Plaintiff did not file her Second Amended Complaint within 90 days of obtaining her Right to Sue letter. Third, IDR contends that Plaintiff has pled herself out of court because she admits she could not adequately perform all of the work IDR assigned her. While Plaintiff has not sufficiently briefed her opposition, IDR's contentions do

not provide valid bases for dismissal.[1]

1. *Plaintiff Is Not Required to Allege Specific Facts*

Plaintiff's Second Amended Complaint refers to racial discrimination and retaliation. To state a Title VII racial discrimination claim, a plaintiff must allege: (1) membership in a protected class; (2) satisfaction of the employer's legitimate expectations; (3) adverse employment action; and (4) the employer treated a similarly situated employee from outside the protected class more favorably than the plaintiff. See Peters v. Renaissance Hotel Operating Co., et al., 307 F.3d 535, 545 (7th Cir. 2002). To state a Title VII retaliation claim, a plaintiff must allege that she: (1) opposed activity that she believed to violate Title VII's prohibition on discriminatory

---

[1] In particular, Plaintiff's opposition brief fails to comply with Local Rule 7.1(B)(2)'s procedural requirement of specifically identifying legal support. Id. That courts are required to give liberal construction to *pro se* pleadings is well established. See Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir. 2006). However, *pro se* litigants are not excused from compliance with procedural rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Plaintiff is warned that she must follow all relevant rules or risk the consequences of noncompliance. Moreover, Plaintiff should desist from asking the Court to appoint counsel. Civil litigants have no constitutional or statutory right to be represented by counsel in federal court. See Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).

conduct; and (2) suffered harm from her employer due to her opposition. See Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009).

Plaintiff alleges that she is African-American, she met IDR's legitimate expectations, and she suffered harm through loss of office space, humiliation (by being called "nigger" and used as the test subject for "black and white" photography), increased work without commensurate pay, poor reviews and diminished employment opportunities. These allegations are sufficient to state a *prima facie* employment discrimination claim. See Peters, 307 F.3d at 545.

As for her retaliation claim, Plaintiff claims she opposed employees' use of the word "nigger". She contends that she consequently suffered the collective harm of loss of office space, increased work without commensurate pay, substantial monitoring of activities, derision, poor performance reviews and diminished employment prospects. Accordingly, Plaintiff has pled all that is necessary to state a Title VII retaliation claim. See Stephens, 569 F.3d at 786.

Nevertheless, IDR contends that Twombly warrants dismissal because

Plaintiff has not pled sufficiently detailed facts. As was stated early in this opinion, "[a]ny doubt that Twombly had repudiated the general notice pleading regime of Rule 8 was put to rest . . . [by] Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The Erickson decision has held that "specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

A review of Plaintiff's allegations shows that she has alleged the type of injury she suffered, a time frame for her harm, and the names of several individuals who engaged in prohibited conduct. Taken together, these facts are not "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled to under Rule 8." See Airborne Beepers, 449 F.3d at 667. As such, IDR is not entitled to a Rule 12(b)(6) dismissal of Plaintiff's employment discrimination or retaliation claim. See Tamayo, 526 F.3d at 1084. Any additional facts which IDR may require to defend itself can be garnered in the course of discovery.

2. *Plaintiff's Second Amended Complaint Is Timely*

Federal Rule of Civil Procedure 15(c)(1)(B) states that an amendment to a pleading relates back to the original date of the pleading when "that amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading". Id. For the "relation back" doctrine to apply, the new claim asserted in the amended complaint must arise out of the same core facts as the claims included in the original pleading. See Bularz v. Prudential Ins. Co. of America, 93 F.3d 372, 379 (7th Cir.1996); see also, Lind v. Vanguard Offset Printers, Inc., 857 F.Supp. 1060, 1068 (S.D.N.Y.1994) ("The relation back doctrine is designed to ensure that an opposing party has been given adequate notice, for statute of limitations purposes, of the claim arising out of the transaction or occurrence which spawned the litigation.").

IDR argues that Plaintiff's Title VII claim is time-barred because her Second Amended Complaint was not filed within 90 days of her having obtained the September 8, 2010, Right to Sue letter. IDR's argument is contrary to Rule 15(c)(1)(B)'s "relation back" doctrine.

Plaintiff obtained her Right to Sue letter on September 8, 2010, and commenced suit within 90 days from that date when she filed her December 23, 2010, Complaint. The facts alleged in that Complaint are substantially the same to those contained in her Amended Complaint and Second Amended Complaint. Therefore, the allegations in Plaintiff's Second Amended Complaint are timely under Rule 15(c)(1)(B)'s "relation back" doctrine. See Bularz, 93 F.3d at 379.

3.  *Plaintiff Has Not Pled Herself Out of Court*

Courts have long been held that "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." See Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995). In her Second Amended Complaint, Plaintiff alleges that she met IDR's legitimate expectations as to her work as a Tax Specialist III, but was unable to do the additional work as a division manager which IDR assigned her in retaliation for her EEOC charge. IDR argues that Plaintiff's allegation shows her work did not meet IDR's legitimate expectations.

While a Title VII plaintiff must allege that her work satisfied her

employer's legitimate expectations, such a plaintiff does not plead herself out of court by stating that she was unable to meet an employer's *illegitimate* expectations. Here, Plaintiff alleges that her work as a Revenue Tax Specialist III satisfied IDR's legitimate expectations. However, once Plaintiff complained about racial discrimination, IDR retaliated by assigning Plaintiff division manager responsibilities in addition to her duties as a Revenue Tax Specialist III. Plaintiff alleges it was unfair of IDR to assign her the additional division manager responsibilities and, due to that unfair assignment, she was not able to simultaneously perform those duties and her work as a Revenue Tax Specialist III. Such an allegation does not admit that Plaintiff failed to meet IDR's legitimate expectations. Rather, it informs IDR of the alleged misconduct.

## CONCLUSION

THEREFORE, Defendant Illinois Department of Revenue's Motion to Dismiss Plaintiff's Second Amended Complaint (d/e 26) is DENIED.

Upon entry of this Opinion, this case is reassigned to Judge Richard Mills for further proceedings.

ENTERED this 20th day of May, 2011

13

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE